**UNITED STATES of America ex rel. Nicholas GASPARINO, Petitioner,**

v.

**The Honorable Harold BUTLER, Superintendent, Wallkill State Correctional Facility, Wallkill, New York, Respondent.**

**No. 73 Civ. 3206.**

United States District Court, S. D. New York.

Sept. 19, 1974.

Nicholas Gasparino, petitioner pro se.

Louis J. Lefkowitz, Atty. Gen., by Constance B. Margolin, New York City, for respondent.

Memorandum Opinion and Order

MOTLEY, District Judge.

■ Petitioner in this habeas corpus proceeding is presently incarcerated at Wallkill Correctional Facility, Wallkill, New York, pursuant to a judgment of the Supreme Court, Westchester County (Beisheim, J.) following a plea of guilty to conspiracy in the first degree. He was sentenced on February 16, 1971 to a term of 15 years. The judgment was affirmed, without opinion, by the Appellate Division, Second Department on October 24, 1972. Leave to appeal was denied by the Court of Appeals on November 21, 1972. The United States Supreme Court denied a petition for writ of certiorari on April 25, 1973. Insofar as the alleged violations of petitioner's Fifth and Fourteenth Amendment right against self incrimination were raised in prior proceedings, and more particularly, in his petition for certiorari, the court is satisfied that the exhaustion requirement of 28 U.S.C. § 2254(b) has been met.

The events which give rise to petitioner's claim stem from the murder of Dorothy De Tore and petitioner's role as the procurer of the "strongman", Kenneth Wedra, on behalf of John De Tore, the deceased's husband. John De Tore and Wedra never met prior to the murder; all the arrangements, including the payment of money by De Tore to petitioner and Wedra were made through meetings between petitioner and De Tore.

During the investigation of the homicide, petitioner was implicated. When petitioner was questioned by the police, an offer was made to him and his attorney, Vincent Lanna, regarding immunity in exchange for petitioner's cooperation. The nature of this exchange is the subject of the instant petition.

According to petitioner, he was promised full transactional immunity in exchange for his testimony before the Grand Jury which indicted De Tore and Wedra. Petitioner did testify and, indeed, from all that appears, said testimony was instrumental in influencing the Grand Jury to return the indictment. (Respondent's Exhibit A: Transcript of Grand Jury, dated December 17, 1968.) Petitioner claims that it was his understanding that that testimony was all that was required of him in order to be free from prosecution.

As indicated in the record, De Tore and Wedra went to trial and petitioner, although summoned as a material witness, refused to testify at trial. Although petitioner's testimony had up to that time been considered essential by the District Attorney in obtaining a conviction, further evidence fortuitously came to light and Wedra and De Tore were convicted despite petitioner's failure to come forward.

Following the *De Tore-Wedra* trial, petitioner was indicted for his role in the murder of Dorothy De Tore. This indictment was returned by a different Grand Jury, and none of petitioner's testimony or admissions made before the *De Tore-Wedra* Grand Jury were offered. (Respondent's Exhibit B: Transcript of Grand Jury, dated [month unclear] 16, 1969.) Subsequently, petitioner pled guilty, again without reference to his testimony before the *De Tore-Wedra* Grand Jury.

According to respondent, petitioner's conviction was obtained wholly without the use of his testimony before the *De Tore-Wedra* Grand Jury, and thus was compatible with the "use" immunity which was granted petitioner. Hence, says respondent, no violation of petitioner's right against self incrimination occurred and having failed to raise a viable constitutional challenge to the indictment, conviction and incarceration, the petition should be dismissed.[1] For the reasons which follow, the court agrees.

As respondent has argued, and as the record of the Grand Jury which indicted petitioner makes clear, the use or testimonial immunity granted petitioner prior to his testifying before the *De Tore-Wedra* Grand Jury was honored. Use immunity is sufficient to satisfy the protections of the Fifth and Fourteenth Amendments. *Zicarelli v. New Jersey Commission of Investigation,* 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972). Use immunity is apparently the kind of immunity anticipated under the New York Constitution, Art. I, Section 6. *People v. La Bello,* 24 N.Y.2d 598, 301 N.Y.S.2d 544, 249 N.E.2d 412 (1969), *cert. denied,* 400 U.S. 548, 91 S.Ct. 520, 27 L.Ed.2d 576 (1971); *Gold v. Menna,* 25 N.Y.2d 475, 307 N.Y.S.2d 33, 255 N.E.2d 235 (1969).

The circumstances of petitioner's testimony before the *De Tore-Wedra* Grand Jury bear all the hallmarks of the granting of use immunity, and demonstrate none of the requirements for the granting of transactional immunity. Petitioner was not asked to execute a waiver of immunity, hence the usual "use" immunity presumably obtained during his testimony before the *De Tore-Wedra* Grand Jury.[2] For full

---

1. The Second Circuit has recently reiterated the rule that a conviction founded on an indictment based on sufficient, legal and probative evidence will not be upset. *United States v. James,* 493 F.2d 323, 326, (2d Cir., decided Mar. 18, 1974). Indeed, the Supreme Court has said in dictum that "an indictment valid on its face is not subject to challenge . . . even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against

self-incrimination." *United States v. Calandra,* 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974).

2. While the state should have been more explicit in° explaining to petitioner what the significance and extent of the "immunity" granted were, especially in response to petitioner's acknowledged confusion, it is clear that at least some kind of immunity had been granted. (Respondent's Exhibit A,

transactional immunity to attach, it must be authorized by vote of the Grand Jury. *See* former Section 619–c *et seq.*, N.Y. Code of Criminal Procedure. The prosecuting attorney acting alone is without authority to grant transactional immunity. Nowhere, in the proceedings of the Grand Jury which indicted petitioner was the possibility of tranactional immunity raised or voted upon; nor could it have been validly conferred, since the statute expressly prohibited the granting of transactional immunity during an investigation or trial for murder. N.Y. Code of Criminal Procedure, Sections 619–c, 619–d(1) and d(2). In other words, in the absence of a waiver of immunity or an explicit grant of "transactional" immunity by the Grand Jury, that immunity which was granted was of necessity "use" immunity. This conclusion is consistent with respondent's position.

To overcome the conclusion that he was granted "use" immunity and that it was honored, petitioner alleges that his trial attorney informed him that the Assistant District Attorney had promised immunity from subsequent prosecution in exchange for petitioner's testimony before the Grand Jury. Petition for Writ of Habeas Corpus, filed July 20, 1973, at pages 1 and 2. As noted above, it would appear that the prosecuting attorney wanted petitioner to testify at trial *as well as* before the *De Tore-Wedra* Grand Jury, since petitioner's testimony was regarded as necessary, its character being altered only by unanticipated developments on the eve of trial. It is unlikely, given the circumstances of this case, that the prosecuting attorney made a promise which asked only that petitioner testify before the Grand Jury in exchange for transactional immunity. In any event, the Assistant District Attorney was without power to promise

transactional immunity; and this should have been known to trial counsel. Were such a promise wrongly communicated to petitioner, petitioner may well have an arguable claim that he was denied the effective assistance of counsel.[3] This claim, however, has nowhere been alleged.

The court having concluded that petitioner was granted "use" immunity, and that said promise was honored, and petitioner was not deprived of his constitutional right against self incrimination, the petition is accordingly dismissed.

So ordered.

---

Transcript of *De Tore-Wedra* Grand Jury, dated December 17, 1968 at page 54.)

3. The court notes that the standard as to assessing the adequacy of counsel is a strin-

gent one. *See, United States ex rel. Curtis v. Zelker,* 466 F.2d 1092, 1101 (2d Cir. 1972), *cert. denied,* 410 U.S. 945, 93 S.Ct. 1405, 35 L.Ed.2d 612 (1973).